**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMES W. MATTHEWS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:05CV00007 ERW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon *pro se* Movant James Matthews' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], filed on January 10, 2005.[1] Matthews filed a Supplemental Motion [doc. #12] on May 18, 2005. The Government filed its Response [doc. #14] on July 15, 2005, requesting this Court deny Movant's motion without an evidentiary hearing. Matthews filed a traverse [doc. #15] on July 28, 2005.

**I.  BACKGROUND FACTS**

On June 23, 2003, Movant entered a guilty plea to a one-count indictment which charged Movant with possessing five grams or more of cocaine base with the intent to distribute.[2] On June 23, 2003, Movant and the Government entered into a Plea Agreement. The Plea Agreement's Stipulation of Facts states that as charged in Count I, Movant knowingly and intentionally possessed

---

[1]The Court notes that Movant requested that a September 27, 2004 letter, filed on October 1, 2004 in the related criminal case (1:03CR00009ERW), be considered as a Motion to Vacate His Sentence pursuant to 28 U.S.C. § 2255 in order to toll the statute of limitations period. *See infra* n. 3.

[2]The indictment charged a violation of 21 U.S.C. § 841(a)(1) (2000) punishable under 21 U.S.C. § 841(b)(1)(B).

1

12.8 grams of cocaine base, with the intent to distribute the cocaine base to another person. The Government and Movant agreed to recommend a base offense level of 26 with a three level reduction for acceptance of responsibility. The parties did not agree to a recommendation regarding Movant's criminal history category, leaving the determination to the Court. The Plea Agreement specifically disclosed that "[p]rior convictions can affect the sentence and usually result in a harsher sentence." The Plea Agreement noted that "all decisions as to the appropriate Criminal History Category by the Court are final and not subject to appeal" and that, by signing the Agreement, Movant waived his right to appeal "issues relating to the establishment of. . . the Criminal History Category determined by the Court. . ." Furthermore, according to the plea agreement, Movant agreed to waive all rights to contest the conviction or sentence in any post conviction proceeding, including a motion under § 2255, but reserved the right to appeal on grounds of ineffective assistance of counsel at the time of sentencing.

On September 29, 2003, Movant was sentenced to 75 months imprisonment. No direct appeal was filed. Matthews' original Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed in the Court on October 1, 2004,[3] alleging the following

---

[3] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "[T]he one-year time limit for filling § 2255 motions is a statute of limitation and not a jurisdictional bar." *Moore v. United States of America*, 173 F.3d 1131, 1134 (8th Cir. 1999). "The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Movant entered a guilty plea on June 23, 2003, and was sentenced on September 29, 2003. Movant had ten days to file a notice of appeal after the sentencing date. The final date of conviction in a case where no review is sought, is ten business days after the judgment of conviction, which is the deadline for filing a notice of appeal under Fed.R.App.P. 4(b)(1). Movant did not file a notice of appeal. Therefore, in this case, Movant's conviction was final on October 13, 2003. *Pro se* § 2255 motions are subject to the prison mailbox rule which deems the filing date to be the date on which the prisoner delivered his notice

2

ground for appeal:

> **Ground:** Movant's attorney was ineffective at sentencing for failing to challenge the facts of his prior municipal convictions used as the basis for a two criminal history point enhancement.

The Court concludes that Movant's Motion can be conclusively determined based on the Motion, files and records in the case. Therefore, an evidentiary hearing for this Motion will not be conducted. *See Shaw v. United States,* 24 F.3d 1040,1043 (8th Cir. 1004). For the reasons set forth below, the Court concludes Movant's Motion is without merit. Accordingly, the Court will dismiss Movant's Motion under 28 U.S.C. § 2255 [doc. #1].

## II.   STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255

A federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## III.  ANALYSIS[4]

A habeas motion pursuant to 28 U.S.C. § 2255 may be based upon a violation of the Sixth

---

to prison authorities. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Movant signed the letter serving as his initial Motion and placed it in the prison mailing system on September 27, 2004. ("Absent evidence to the contrary in the form of prison logs or other records, [the court] will assume that [Movant]'s motion was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). Consequently, the present Motion, deposited in the prison mailing system on September 27, 2004, is within the 1-year limitation period pursuant to § 2255.

[4]Movant claims ineffective assistance of counsel during sentencing. The waiver in the Plea Agreement permits Movant to make an ineffective assistance of counsel claim in a § 2255 motion for defects at the time of sentencing. Thus, the parties' arguments relating to waiver will not be addressed in this Order.

3

Amendment right to effective assistance of counsel. The United States Supreme Court has held that a showing of ineffective assistance of counsel requires that: 1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and 2) "counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The test articulated in *Strickland* applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prove the first prong of the test, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel will not be considered unreasonable for failing to make an argument that would have been unsuccessful. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). The court may address the two prongs in any order, and if the petitioner fails to make a sufficient showing of one prong, the court need not address the other prong. *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (holding that "[i]f we can answer 'no' to either question, then we need not address the other part of the test.").

Movant asserts that he received ineffective assistance of counsel at sentencing because (1) his attorney did not object to the use of municipal ordinance violations as prior criminal history and (2) his attorney permitted judicial findings of prior criminal history in violation of the Sixth Amendment. The Court finds that even if Matthews' attorney would have made these objections, they would have been overruled. Because an attorney's performance will not be considered unreasonable if he fails to make arguments that would have been unsuccessful, Movant's Motion will be denied.

4

First, Movant argues that it was unlawful for the Court to consider municipal ordinance violations as prior criminal history because was he was only fined and received no jail sentences. In the Presentence Report ("PSR") presented to the Court, the pretrial officer noted that on April 22,1995, Movant was fined $275 for Possession of Drug Paraphernalia. One criminal history point was assigned in the PSR for the April 22, 1995 violation. On September 25, 1995, Movant was fined $270 for Possession of Drug Paraphernalia. Another criminal history point was assigned for the September 25, 1995 violation. Movant received a suspended sentence and three years probation for Possession of a Controlled Substance on September 27, 1995. He was assigned one more criminal history point for the September 27, 1995 violation, for a total recommendation of three criminal history points. The Court found that the total of three criminal history points established a criminal history category of II.

Under the United States Sentencing Guidelines ("USSG" or "Guidelines"), the district court computes "criminal history points" in order to determine a defendant's criminal history category. Section 4A1.1, Subsection (a) provides that three criminal history points are added "for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a) (2002).[5] Subsection (b) provides that two points are added "for each prior sentence of imprisonment of at least sixty days not counted in (a)." USSG § 4A1.1(b) (2002). Pursuant to Subsection (c), one criminal history point is added, up to four points, for each prior sentence not covered by Subsections (a) and (b). USSG § 4A1.1(c) (2002). All three of Movant's prior criminal history points were added under § 4A1.1(c).

Section 4A1.2 of the Guidelines defines how prior sentence is defined. "A conviction for

---

[5]In the Plea Agreement, the parties agreed to use the 2002 version of the USSG.

which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." USSG § 4A1.2(a)(3) (2002). Under this provision, it is clear that the Court properly considered Movant's September 27, 1995 violation as prior criminal history since Movant received a suspended sentence as contemplated by USSG § 4A1.2(a)(3). Local ordinance violations are generally not counted in criminal history points. However, the Guidelines provides an exception if the ordinance violation is also a criminal offense under state law. USSG § 4A1.2(c)(1) (2002). The Guidelines contemplate that these ordinance violations will be "treated as if the defendant had been convicted under state law." USSG § 4A1.2, Comment 12 (2002). In this case, Movant was twice fined for Possession of Drug Paraphernalia in violation of local ordinances. In Missouri, the possession of drug paraphernalia is against the law. Section 195.233 of the Missouri Revised Statutes makes it

> unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or an imitation controlled substance. . .

Because the Movant was fined pursuant to an Ordinance violation that is also an offense under state law, it was proper for the Court to add criminal history points for the violations. This Court holds that Movant's attorney was not unreasonable for not making objections that would have been overruled based on the clear language of the Guidelines. *DeRoo*, 223 F.3d at 925.

Next, Movant argues that he received ineffective assistance of counsel because his attorney did not object when the Court enhanced Movant's sentence based on judicial factfinding of prior convictions. Movant argues that *Shepard v. United States*, -- U.S. --, 125 S.Ct. 1254 (2005) calls into question the prior conviction judicial factfinding exception in *Almendarez-Torres v. United*

6

*States*, 523 U.S. 224 (1998).

*Almendarez-Torres* involved a prosecution under 8 U.S.C. § 1326 (a) which defines the crime of forbidding a deported alien from returning to the United States without permission. Subsection (b)(2) authorizes an enhanced sentence if the "initial deportation was subsequent to a conviction for commission of an aggravated felony." The question before the Court was whether Subsection (b)(2) defined a separate crime or was simply an enhanced penalty. If it is a separate crime, the Government must state the additional element in the indictment, but that requirement is not necessary if the provision of the statute merely authorizes an enhanced sentence. This is the seminal case holding that the challenged Subsection was a penalty provision which simply authorizes a court to increase a sentence for recidivism, so neither the statute nor the Constitution requires the Government to charge the factors of an earlier conviction. Under *Almendarez- Torres* and cases decided thereafter that have uniformly sustained it, a trial court's determination of the existence of a prior offense in a current criminal prosecution and its impact on a current sentence is proper, and such a determination is not, contrary to Movant's conclusion, a decision reserved for the jury. In *Shepard*, Justice Thomas claimed that "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided" in his concurring opinion. 125 S.Ct. at 1264. In *Morell v. United States*, the Eighth Circuit addressed the effect of Shepard on the prior conviction rule announced in *Almendarez-Torres*. 429 F.3d 1161 (8th Cir. 2005). In *Morell*, like this case, the petitioner argued that *Shepard* overruled *Almendarez-Torres*. *Id*. at 1164. The Eighth Circuit disagreed, holding "it remains bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it." *Id*. It was proper for the Judge to make findings related to Movant's criminal history. Therefore, it was not unreasonable that Movant's attorney did not object to the judicial factfinding. *See DeRoo*, 223 F.3d at 925. This Court

7

holds that Movant's attorney was not unreasonable in his representation of Movant. Movant's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant James W. Matthews' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 19th day of January, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE